UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PATRICIA LOPEZ,

    Plaintiff,

v.

CARDENAS MARKETS, INC.,

    Defendant.

Case No. 2:17-cv-00985-RFB-PAL

**ORDER**

## I. INTRODUCTION

Before the Court is Defendant's Motion for Summary Judgment re Breach (ECF No. 15) and Defendant's Motion for Summary Judgment re Damages (ECF No. 16).

## II. FACTUAL BACKGROUND

### A. Undisputed Facts

The Court finds the following facts to be undisputed.

On June 14, 2015, Plaintiff Patricia Lopez slipped and fell while shopping for groceries at Cardenas. Video footage of the incident establishes the following timeline. At 11:59:54, a customer's child dropped a bottle near the meat department, creating a spill. At 12:00:12, a customer walked through the area and did not fall. At 12:00:30, a second customer walked through the area and did not fall. At 12:01:04, Cardenas employee Cruz Olmos walked through the area and did not fall or notice the spill. Four more customers walked through the area between 12:01:13 and 12:01:16 and did not fall. Plaintiff walked through the area at 12:01:20 and fell. At 12:01:45, Mr. Olmos placed a yellow caution cone in the area. By 12:02:24, Mr. Olmos had obtained a roll of paper towels and was cleaning the spill.

**B. Disputed Facts**

The parties dispute whether Mr. Olmos should have noticed the spill when he walked through the area at 12:01:04 and how apparent the spill was.

**III.     PROCEDURAL BACKGROUND**

Plaintiff filed her initial complaint in state court on September 9, 2016. ECF No. 1. Defendant petitioned for removal on April 6, 2017. ECF No. 1. On November 7, 2017, Defendant filed two Motions for Summary Judgment, arguing that Plaintiff can show no genuine dispute as to (1) breach of duty and (2) causation of damages.

**IV.     LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

**V.     DISCUSSION**

    **a. Breach of Duty**

Under Nevada law, a plaintiff must prove four elements to show negligence in a slip-and-fall matter: (1) the defendant owed a duty to the plaintiff to exercise due care; (2) the defendant breached the duty; (3) the breach was the actual and the proximate cause of the plaintiff's injury;

and (4) the plaintiff was damaged. Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992). "[A] business owner owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). A business owner will be liable for breaching its duty to patrons if the business owner, or his or her agents, cause a foreign substance to spill on the floor. Id. But if any other person causes the foreign substance to spill on the floor, the business can only be liable if it had actual or constructive notice of the foreign substance and did not remedy it. Id. at 322–23.

"[Q]uestions of negligence and proximate cause are generally questions of fact" that become questions of law "only when the evidence will support no other inference." Joynt, 835 P.2d at 801 (citation omitted). Thus, "courts are reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate cause, and reasonableness usually are questions of fact for the jury." Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001) (citation omitted).

A genuine dispute remains in this case as to whether Defendant had constructive knowledge of the spill. It is undisputed that Mr. Olmos walked through the area of the spill 16 seconds before Plaintiff walked through the area, slipped, and fell. It is further undisputed that Mr. Olmos neither caused nor actually noticed the spill. A jury must decide whether Mr. Olmos should have seen the spill or whether it was reasonable for him not to notice it. The Court therefore denies summary judgment on this ground.

### b. Causation of Damages

Under Federal Rule of Civil Procedure 26(a), a party must provide timely notice of the identity of any witnesses it may use at trial. For witnesses who are not required to provide a written report, the party must additionally disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Defendant argues that Plaintiff's timely notice identifying four witnesses was insufficiently detailed to meet the requirements under the Federal Rules and that without this expert testimony, Plaintiff can raise no evidence of causation of damages. The Court finds that Plaintiff's disclosures

in this case provided adequate notice under Rule 26. The Court therefore denies summary judgment on this ground but would entertain a motion by Defendant requesting that Plaintiff provide a more comprehensive disclosure prior to trial.

**IV. CONCLUSION**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment re Breach (ECF No. 15) and Defendant's Motion for Summary Judgment re Damages (ECF No. 16) are **DENIED**.

DATED: September 24, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**